L. E. STEVENSON v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

PRACTICE motions should state reasons. Best practice as to offered instructions.

*Appeal from Story District Court.*—HON. D. R. HINDMAN, Judge.

FRIDAY, JANUARY 18, 1895.

Action to recover the value of two horses injured by the defendant. Verdict and judgment for plaintiff. Defendant appeals. —*Affirmed*.

The negligence charged in the petition is in improperly constructing the cattle guard, in permitting it to become filled with snow and ice, and in failing to stop the train after the horses were seen by defendant's employes who were in charge of the train. The evidence shows that on January 12, 1893, there was a severe snowstorm, accompanied with much high wind, and it lasted into the night; that, on the afternoon of the thirteenth, several of plaintiff's horses escaped from his control, went upon the highway, and thence upon the railroad right of way; and, while there, two of them, being frightened by an approaching freight train, ran over a cattle guard, and were struck by the train, and so injured that they had to be killed. There is no conflict as to the value of the horses. At the time of the accident the cattle guard was filled wih snow. It appears that defendant's section men had passed over this cattle guard the day before the accident happened, and also at least twice on the day of the accident. There was from eighteen inches to two feet of snow upon the ground. The storm the day before had been so severe as to compel the section men to abandon their hand car out upon the section. We think all of the foregoing facts are undisputed. The defendant claims that the storm raged all the day of the accident, and that in the forenoon of that day its employes shoveled the snow out of this cattle guard, but it blew full again, and that the effect of the storm was such as to require the attention of its force of men in

building snow fences, and otherwise keeping its track in condition for the operation of its trains. The jury found for plaintiff, and, in answer to interrogatories submitted to them by the court, found that there was no negligence in the management of the train, but found that defendant was negligent in not removing the snow from the cattle guard.

*Hubbard & Dawley* for appellant.

*Funson & Gifford* for appellee.

Kinne, J —I.   It is insisted that, under the circumstances, defendant was not negligent in failing to remove the snow from the cattle guard, and that the finding of the jury in that respect was not warranted by the testimony.  If the storm continued all of the day of the accident, and the wind was such as to blow the cattle guard full after it was cleaned, and the attention of defendant's employes was required to keep its track in condition for the operation of the road in the movement of trains, defendant might well be excused for failing to keep the cattle guard clean of snow and ice.  These are facts in dispute; at least, the evidence as to the storm and wind on the day of the accident is conflicting;  and while, sitting as jurors, we might have hesitated about holding that the defendant was negligent in failing to keep the cattle guard free from snow, still we cannot say that the evidence does not sufficiently sustain the finding of the jury in that respect.  Such being the case, we cannot disturb the verdict on the ground that the finding and verdict were against the evidence.

II.   Witness Stevenson was asked:  "When the horses first turned in that direction, did they act as if there was anything in their way?"  He answered:  "It seemed to me as if they could see the guard, and hesitated about going over."  Plaintiff objected to the answer, and moved to strike it out, which motion was sustained, and an exception taken.  No reason was given by counsel for the motion, and no ground of objection stated to the answer, nor did the court in its rulings indicate upon what the same was grounded.  It seems to us, regardless of the question whether the testimony elicited was open to proper objection, that, in the absence of any reason given therefor, the motion should have been overruled.  If the court had overruled the motion, we should have sustained its action, on the ground that no reason was stated for the motion.  Parties have a right to know upon what grounds a ruling is asked, and, if none are stated, we cannot assume that the court acted properly upon some ground in fact stated, when the record before us fails to show upon what ground the action of the court was based.  We think, however, in this case, that, by reason of the admission of other evidence relating to the action of the horses, the defendant was not prejudiced by the ruling.

III. The court gave to the jury, on its own motion, certain instructions, and then told the jury "that he gave the following instructions at the request of the defendant," and read them to the jury. It is said that this was error; that all instructions should be understood as emanating from the court. The plan pursued in this instance is one often followed by trial courts in this state, and, indeed, it seems to be warranted by our statute, and hence we are not justified in saying that it was erroneous. Code, sections 2784 to 2789. We are, however, of the opinion that it is the better practice for the court to incorporate in its charge all instructions asked by either party which it may deem proper to be given to the jury. By so doing, the court is less likely to commit error, and the instructions will be found, as a rule, to present to the jury a clearer and more concise statement of the law applicable to the case. Uniformity of practice in this respect is very desirable.

IV. Other errors are assigned. We have examined the entire record, and discover no prejudicial error.—*Affirmed.*