MYRTIE MONEN, Appellee, v. JEWEL TEA COMPANY, INC., et al., Appellants.

No. 44912.

548

Blythe, Markley, Rule, Dibble & Cerney, for appellants.

Geiser & Donohue and Senneff & Senneff, for appellee.

STIGER, J.—About 8 o'clock on the morning of December 28, 1937, plaintiff was riding east on Highway No. 18 in her automobile driven by her husband, C. P. Monen. As they approached a north and south intersecting highway about 8 miles east of Mason City, defendant's truck driven by Gerald Harris approached Highway No. 18 from the north on said intersecting highway and turned east on Highway No. 18 just ahead of plaintiff's car and proceeded east on the south side of the highway. About 250 feet east of the intersection, there was a driveway on the north side of the highway into the farm of Mr. Moore. There was a telephone pole east of the driveway on the north side of Highway No. 18. When Mr. Monen was about 60 feet west of the driveway he started to pass the truck. A collision occurred between the automobile and the truck either, as claimed by plaintiff, on the driveway, or as claimed by defendants, on the highway. It is conceded that any negligence on the part of Mr. Monen is imputed to plaintiff.

Appellants' sole contention on appeal is that "the court erred in not instructing the jury on the assured clear distance statute." We are of the opinion that there is no evidence that the driver of plaintiff's car violated this law of the road.

Mr. Monen's testimony is substantially as follows: When

he saw the truck approaching from the north he reduced his speed to permit the truck to enter the highway ahead of him. The truck proceeded east on the south side of the highway at a speed of approximately 20 miles per hour. He then increased the speed of the automobile to about 35 miles per hour and started to pass the truck, signalling his intention with his horn. When the truck was about 20 feet west of the driveway, Monen observed the front wheels of the truck turning toward the driveway. Prior to commencing his turn to the left, Gerald Harris had given no signal of his intention to change the course of his car. Monen had started to pass the truck and could not cut back behind it. He was confronted with the choice of attempting to stop the car within the short distance to the driveway to avoid running into the truck as it turned into the driveway, or of proceeding east and endeavoring to cross the driveway ahead of the truck. He chose the latter course. Monen drove the car farther to the left and then east, his left wheels being in a ditch about two feet deep on the north side of the road and the right wheels were on the shoulder. When he was crossing the driveway, the truck, which had continued to travel toward the driveway, struck plaintiff's car on the right side where the front fender and running board meet.

Monen stated:

"I went through this ditch and up on the approach of this farmer's driveway and was getting along in good shape until he struck me."

Defendant Harris testified that as he turned on to Highway No. 18 from the north and south county road he drove east on the highway probably about 150 feet when he opened his door to look back to see if the highway was clear in preparation to making a turn into the Moore driveway; that he heard a horn and saw the Monen car, the front of which was about even with the rear of his truck; that he had not heard any horn prior to that time and that the horn was sounded just as he opened the door; that the Monen car was to the left of his car and was headed a little bit northeast; that he travelled from 30 to 40 feet along the highway after hearing the Monen horn; that the Monen car in his opinion was travelling about 60 miles an hour; that when he first saw the Monen car the left front wheel was close to the north shoulder, or

on the shoulder, and then the Monen car turned back toward his car, striking his car more or less with a glancing blow on the front fender; that the Monen car then turned to the northeast off the pavement and into the telephone pole, and when the two cars stopped off the pavement and on the driveway their bumpers were hooked together.

The witness further testified that his car did not strike the Monen car and did not run into the Monen car.

Robert Able, a witness for defendants, testified that when Harris opened the door of the truck he first heard the horn of the Monen car and at that time it was almost abreast of the Jewel Tea Company truck in attempting to pass it. The left front wheel of the truck was on the center lines of the highway. Harris immediately applied his brake but the Monen car swung over to the edge of the pavement and then back, striking the left side of the truck and hooking the right end of the Monen rear bumper on the left end of the truck's front bumper and swerved the cars on to the Moore driveway where the Monen car hit the telephone post.

A. J. Quimby, a witness for the defendants, testified that he was driving his truck west on Highway No. 18 and was about 300 yards east of the Moore driveway when the Monen car and truck left the paving; that the right rear bumper of the Monen car was hooked behind the left front bumper of the truck, and the Monen car was ahead of the Jewel Tea Company truck all of the time that he observed them.

De Groat, a witness for defendants who was riding with Quimby, testified that when he first noticed the collision the left front wheel of the truck was on the black line and the black line passed between the two cars.

The material portions of sections 316 and 330, chapter 134 of the Laws of the 47th General Assembly read:

"Sec. 316. Speed restrictions. Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to

assume, however, that all persons using said highway will observe the law.

"Sec. 330. Overtaking a vehicle. The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:

"The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

"Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

Under the provisions of section 316, a driver of a motor vehicle has the duty (1), to drive at a speed that is reasonable, having due regard to the traffic, surface and width of the highway and other existing conditions and (2), to drive at a speed that will permit him to bring the vehicle to a stop within the assured clear distance ahead.

The assured clear distance ahead rule requires the driver of an automobile to at all times drive at a rate of speed that will enable him to stop his car within the distance that discernible objects may be seen ahead of it. Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893.

Defendants do not claim that plaintiff's car was driven into the rear of the truck. Harris admits that the Monen car was to the left of his truck and that Monen, instead of passing the truck, turned to the right striking the truck a glancing blow on the front fender, the Monen car then proceeding northeast ahead of the truck.

Quimby testified that the Monen car was ahead of the Jewel Tea Company truck during all of the time that he observed the cars.

The two cars were travelling side by side, under defendants' theory of the case, prior to the collision.

That the assured clear distance ahead rule is not applicable either under plaintiff's or defendants' testimony is too clear to require a discussion.

 With reference to the duty of Monen under section 316 to drive the automobile ·at a reasonable speed, having due regard to existing conditions, it was necessary, of course, in order to overtake and pass the truck, that he drive at a greater rate of speed than the truck was travelling. Under his testimony, in the emergency, he elected to attempt to avoid an accident by passing the truck. The only material "existing condition" on the highway within the scope of section 316 when Monen started to pass the truck was the presence of the truck on the highway which was, on defendants' theory of the case, travelling on the south side of the highway. Defendants claim that when the Monen car was almost abreast of the truck it turned to the right and struck the truck a glancing blow on its left front fender.

Defendants' evidence shows that Monen's negligence, if any, was in failing to safely pass the truck on the left; that is, negligence of Monen must be found in a violation of section 330 which provides the rules to be followed by a driver in overtaking and passing a vehicle and not in a violation of the speed restriction statute, section 316. The trial court apparently so viewed the testimony and in instruction No. 8, after telling the jury that any negligence on the part of C. P. Monen would be imputed to plaintiff, stated:

"In this connection the law made it the duty of plaintiff and the driver of the car in which she was riding, in attempting to pass the Jewel Tea Company truck from the rear to pass to the left thereof at a safe distance and not to again drive to the right side of the roadway until safely clear of said overtaken vehicle."

We conclude that instruction No. 8 compassed the law of the case on the question of contributory negligence of the driver of plaintiff's car and that the trial court did not err in failing to instruct the jury on the speed restriction statute.—Affirmed.

OLIVER, C. J., and MILLER, MITCHELL, RICHARDS, HALE, HAMILTON, and SAGER, JJ., concur.

BLISS, J., takes no part.