DONALD ROBSON, appellee, v. MILDRED BARNETT et al., appellants.

No. 47725.

(Reported in 44 N.W.2d 382)

OCTOBER 17, 1950.

Richard C. Leggett and Thomas A. Louden, of Simpson & Louden, both of Fairfield, for appellants.

A. Frederic Matthias, of Hammer & Matthias, of Newton, and Leo D. Thoma, of Thoma & Thoma, of Fairfield, for appellee.

GARFIELD, C.J.—Only brief reference to the facts seems necessary. A truck owned by defendant Barnett, loaded with garbage, was being driven west by defendant Scotton on paved U. S. Highway 34. Two automobiles and then plaintiff (age twenty-one) on his motorcycle were following the truck. Plaintiff testifies he sounded his horn and turned out to the left (south) side of the highway to pass the three vehicles ahead of him. He also says he had passed the car just ahead of him and started to pass the second when defendant Scotton made a left-hand turn without signaling near the approach to the Barnett filling station on the south side of the highway. Plaintiff was unable to stop his motorcycle before colliding with the rear of the truck.

Plaintiff brought this action against both defendants to recover for personal injuries and minor damage to his motorcycle from the collision. Trial to the court without a jury resulted in judgment for plaintiff for $2704 from which defendants have appealed.

██ I. Defendants contend the evidence is insufficient to show they were negligent as alleged by plaintiff. Of course the testimony on this and other issues must be viewed in the light most favorable to plaintiff. Hebert v. Allen, 241 Iowa 684, 687, 41 N.W.2d 240, 242, and citations. It is also true, as defendants argue, a mere scintilla of evidence is not sufficient to support recovery. Spaulding v. Miller, 220 Iowa 1107, 1115, 1116, 264 N.W. 8, and citations; In re Estate of Kenny, 233 Iowa 600, 605, 10 N.W.2d 73, 76.

We find substantial evidence that defendant-driver was negligent as charged by plaintiff (1) in failing to give way to the right in favor of an overtaking vehicle (plaintiff's motorcycle) on audible signal (see section 321.299, Code, 1946) and (2) in turning the truck from a direct course when such movement could not be made with reasonable safety and without giving an appropriate signal of his intention to turn. (See Code section 321.314.)

II. Defendants are not entitled to a reversal on the ground the evidence fails as a matter of law to show plaintiff's freedom from contributory negligence.

Defendants contend, in effect, it appears without dispute plaintiff was driving his motorcycle at excessive speed, so he did not have it under control. It is argued it is conclusively shown plaintiff violated the "assured clear distance" requirement of Code section 321.285 that "no person shall drive any vehicle * * * at a speed greater than will permit him to * * * stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law."

Plaintiff testifies and there is other evidence he was traveling about twenty-five miles per hour just before he sounded his horn and turned out to pass the three vehicles ahead of him. There was no traffic approaching from the west. As plaintiff started to pass the car just ahead of him he says he increased his speed to about thirty-five miles an hour. After he had passed the first car and started to pass the second, defendant-driver suddenly without signaling made a left-hand turn across the highway. Plaintiff further testifies he shut off the gas and was stopping; defendant-driver could not complete his turn off the highway because trucks or cars were parked on the south side thereof; defendant then turned the truck straight west and continued slowly on the left (south) half of the pavement; plaintiff saw he was going to hit the truck and grabbed the feet of his thirteen-year-old cousin, who was riding on the back of his motorcycle, in an attempt to protect her from injury (she was not injured); the vehicles then collided.

If plaintiff's version of the collision is believed, and the trial court found it was true, the conclusion is warranted that plaintiff had violated no statute and was in the exercise of ordinary care under the circumstances when defendant-driver suddenly turned the truck to the left without signaling his intention so to do. Under section 321.285 plaintiff had a right to assume defendant and others using the highway would observe the law, including sections 321.299 and 321.314, referred to in Division I hereof.

■ If plaintiff continued to exercise ordinary care under the circumstances in an attempt to avoid striking the truck he is not to be held guilty of negligence as a matter of law in colliding with it. The unexpected turning of the truck onto the left side of the highway in violation of law furnished plaintiff a legal excuse. The trial court's finding plaintiff exercised ordinary care and was free from contributory negligence finds substantial support in the evidence and must be allowed to stand.

Our conclusion on this phase of the case finds support in Central States Elec. Co. v. McVay, 232 Iowa 469, 5 N.W.2d 817; Uhlenhopp v. Steege, 233 Iowa 368, 373, 7 N.W.2d 195, 198; Semler v. Oertwig, 234 Iowa 233, 255, 12 N.W.2d 265, 276; Prewitt v. Rutherford, 238 Iowa 1321, 1329, 30 N.W.2d 141, 145; Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1361–1364, 29 N.W.2d 204, 208. See also Monen v. Jewell Tea Co., 227 Iowa 547, 288 N.W. 637.

Thomas v. Charter, 224 Iowa 1278, 278 N.W. 920, is like this case on its facts in a general way. It was there held the issues of defendant's negligence and plaintiff's freedom from contributory negligence were for the jury.

■ III. Defendants complain that in rebuttal plaintiff was permitted to show, over their objection it was not rebuttal, the motorcycle weighed 700 pounds at most.

It was defendants' contention, and their evidence tended to prove, that the truck turned completely off the paved highway onto the graveled approach to the filling station and slowed down to two or three miles per hour before it was struck by plaintiff's motorcycle. Further, that the force of the collision moved the truck twenty to twenty-five feet west. Upon plaintiff's cross-examination of defendant-driver it was shown the truck weighed 6900 pounds when empty and was loaded with about a ton of garbage.

Plaintiff was permitted to show in rebuttal the weight of the motorcycle as evidence of the improbability of defendants' testimony that the heavy truck was moved ahead by the motorcycle, which sustained only minor damage.

It is well-settled that the trial court has considerable discretion in determining what is rebuttal evidence. In re Estate of Swain, 189 Iowa 28, 34, 174 N.W. 493; Luther v. Ullritch,

182 Iowa 745, 752, 166 N.W. 85; Allen v. Travelers Protective Assn., 163 Iowa 217, 225, 143 N.W. 574, 48 L. R. A., N. S., 600; 53 Am. Jur., Trial, section 120. Here the trial court received the testimony as to the weight of the motorcycle only after careful consideration. We think reception of the evidence in rebuttal was not an abuse of discretion.

It is not claimed plaintiff would not have been entitled to show the weight of the motorcycle by his evidence in chief. The trial court has discretion as to the order of receiving testimony and to permit in rebuttal evidence which might have been offered in chief. Such a ruling will not be interfered with on appeal unless there is clear abuse of discretion. See rule 191(d), Rules of Civil Procedure; Hoegh v. See, 215 Iowa 733, 739, 740, 246 N.W. 787, and citations; Kimbro v. Moles, 175 Iowa 528, 532, 533, 157 N.W. 181 (quite closely in point); Perin v. Cathcart, 115 Iowa 553, 559, 89 N.W. 12; 53 Am. Jur., Trial, section 121; 64 C. J., Trial, section 177.

On defendants' cross-examination of plaintiff in rebuttal it developed that his testimony as to weight of the motorcycle was based on what his registration certificate gave as such weight. Defendants then moved to strike the testimony as to weight. It is sufficient answer to defendants' complaint about this ruling on the motion that no ground was stated in support of the motion. Smith v. Dawley, 92 Iowa 312, 314, 60 N.W. 625; Stevenson v. Chicago & N. W. Ry. Co., 94 Iowa 719, 720, 61 N.W. 964; Puth v. Zimbleman, 99 Iowa 641, 647, 68 N.W. 895.

Further, it is an obvious fact, of which the court might have taken judicial notice, that the motorcycle weighed very much less than the loaded truck. Reception of evidence as to weight of the motorcycle was therefore not sufficiently prejudicial to justify reversal.

After considering all questions argued we hold the judgment should be affirmed. The case presents primarily disputed facts which the trial court resolved in plaintiff's favor.—Affirmed.

All Justices concur.