Mildred PLUMMER and William J.
Plummer, Appellants,

v.

Steven R. LOONAN and Everett Loonan,
Appellees.

No. 54466.

Supreme Court of Iowa.

Sept. 9, 1971.

Keith, Gallagher, Lybbert & Martin, Waterloo, for appellants.

Beecher, Buckmaster, Beecher, Holmes & Lindeman, Waterloo, for appellees.

LeGRAND, Justice.

This appeal arises out of an automobile accident which occurred on August 25, 1966. Plaintiff, Mildred Plummer, sued for personal injuries and her husband, William J. Plummer, asked compensation for loss of consortium and property damage to his Chevrolet Carryall truck, which his wife was driving at the time. Following a jury trial, a verdict was returned against Mildred Plummer on her claim for personal injuries, against William J. Plummer on his claim for loss of consortium, and for him in the amount of $415.00 for property damage. The plaintiffs appeal. We treat the case as though Mildred Plummer and Steven R. Loonan, drivers of the two cars involved in the accident, were the only parties.

We are confronted with only one issue —failure of the trial court to submit as specifications of negligence against defendant his alleged violation of section 321.285, The Code, dealing with speed. Plaintiff insists there was substantial evidence to support such a submission. The question first arose when the trial court refused to permit an amendment at the close of plaintiff's evidence to add excessive speed and violation of the assured clear distance ahead rule as specifications of negligence to those recited in the petition as originally filed. The objection was renewed when the instructions omitted speed from the issues submitted to the jury.

The important facts may be related quite briefly. At the time of the accident plaintiff was proceeding east on East Donald Street in Waterloo, approaching the drive-

way into her home. Approximately 270 feet to the west of her driveway, where she intended to turn left, a slight rise in the road comes to a crest. As plaintiff came up to this crest and started on the downgrade, she was driving approximately 25 miles per hour. From that point on she reduced her speed until at the time she started her left turn she was traveling about seven miles per hour. At the crest of the hill, she had looked in her rear vision mirror and had seen no traffic behind her for at least 400 to 450 feet. She also activated her left turn signal at that time. When she was 72 feet from her driveway, she again made an observation to the rear and saw no traffic behind her.

As she started her left turn, she glanced once more in her rear vision mirror and saw the defendant "coming very fast." He was then only 20 feet from her and was attempting to pass. The impact occurred almost instantaneously. The speed limit at the place of the accident is 45 miles per hour. Plaintiff does not claim defendant was exceeding this statutory maximum, but insists there was enough circumstantial evidence to have the jury decide if defendant was exceeding a speed which was reasonable and proper under the conditions then existing. She points to certain time intervals testified to by her neighbors, the force of the impact, the extent of the damage, and other circumstances which she says suggest excessive speed.

Plaintiff originally alleged defendant was negligent in five particulars, none of which involved speed. At the conclusion of her evidence, she asked leave to amend by adding four new specifications of negligence. The trial court permitted the amendment as to two of these, which merely repeated as violations of defendant's common law duty acts which had already been set out as statutory violations. These dealt with defendant's failure to have his vehicle under control and failure to give a signal of his intention to pass plaintiff's vehicle.

Plaintiff also sought by this amendment to allege as negligence that defendant drove "at an unreasonable and improper speed in view of the conditions then existing" and "at such a speed that he was unable to bring [his vehicle] to a stop within the assured clear distance ahead," both in violation of section 321.285, The Code.

The trial court refused this part of the amendment. Later the trial court refused to submit the issue of speed to the jury on either theory.

Plaintiff first argued the trial court refused the proffered amendment because it was belatedly made. She claimed prejudicial error, relying on rule 88, Rules of Civil Procedure, which authorizes amendments to conform to the proof.

We have frequently held the trial court has broad discretion in permitting or denying such amendments and, unless there is an abuse of such discretion, we will not interfere. We have also said an amendment to conform to the proof is allowable under rule 88 only if it does not substantially change the issues. It is clearly established that to allow such amendments is the rule, to deny them the exception. W & W Livestock Enterprises, Inc. v. Dennler (Iowa 1970), 179 N.W.2d 484, 488, and citations.

If that were the basis of the trial court's refusal, we would be disposed to reverse upon a showing of prejudice. However, the plaintiff appears to have abandoned that argument, agreeing, tacitly at least, that the amendment was rejected because the trial court found it did *not* conform to the proof and presented no ground of negligence which, under the record, could be submitted to the jury. We believe this was the real reason behind the trial court's decision. We believe, too, the ruling was clearly right.

Under our previous interpretations of the assured clear distance ahead portion of section 321.285, we have refused to apply that standard to situations when one

motorist turns into the path of another who is at the moment attempting to pass him. See discussion in Reich v. Miller, 260 Iowa 929, 151 N.W.2d 605 (1967) and Monen v. Jewel Tea Co., 227 Iowa 547, 551, 288 N.W. 637, 639 (1939). Under this record the assured clear distance ahead rule is not applicable.

■ Nor was there evidence upon which the jury could find defendant drove in excess of a speed which was reasonable and proper under the conditions then existing. As already noted, plaintiff does not claim defendant exceeded the statutory speed limit, only that he drove too fast under the existing conditions. But the record discloses no conditions which would require defendant to drive at a speed less than that which would be ordinarily proper on that highway. There is a complete lack of testimony which would permit this provision of the statute to come into play. Wilson v. Jefferson Transportation Co., 163 N.W.2d 367, 372 (Iowa 1968). Plaintiff's argument would make such an instruction mandatory in *every* case, but the statute obviously is limited in its application to those instances in which some condition is shown to exist which increases the risk of driving at an otherwise proper statutory speed and which therefore imposes an additional duty of care on the motorist. See also Monen v. Jewel Tea Co., 227 Iowa 547, 552, 288 N.W. 637, 639 (1939).

Under this record we hold the trial court was right in refusing to allow the amendment as to that portion for which there was no supporting evidence.

Of course, there is another irrefutable argument why the failure to submit the controversial speed issue, even if it had been error, becomes immaterial as far as plaintiff's case against defendant is concerned.

■ By answer to special interrogatory the jury found defendant negligent in three particulars. It would not strengthen plaintiff's claim against him to have a finding of additional negligence. Olson v. Truax, 250 Iowa 1040, 1044, 97 N.W.2d 900, 903 (1959); Rasmussen v. Thilges, 174 N.W.2d 384, 388 (Iowa 1970).

However, plaintiff now insists the requested amendment and the related instruction on speed would have enhanced her defense against the claim she was guilty of contributory negligence. A second special interrogatory presented this issue to the jury. The affirmative answer on two of the three specifications—failure to keep a proper lookout and turning her vehicle from a direct course when this could not be done with reasonable safety—accounted for the general verdict against plaintiff.

Without deciding if there might be merit in this argument under the circumstances, we simply say no such ground was urged in the trial court. Rule 196, R.C.P. We had a similar situation in Slabaugh v. Miller, 244 Iowa 29, 38, 55 N.W.2d 528, 533 (1952) where we said:

"The fourth error assigned is the failure of the trial court to 'submit the statutory speed restrictions as one of the specifications of negligence on the part of the defendant for the reason that under the evidence the jury could reasonably find plaintiff's truck was being driven in excess of the statutory speed on the Iowa highways.' This point was raised by exceptions to instructions and in defendant's motion for new trial. The scope of the complaint was somewhat broadened in the motion for new trial, where it was alleged that the question of the statutory speed limit was important upon the issue of plaintiffs' contributory negligence. But, of course, defendant could not so 'mend his hold'. His exceptions to instructions are the measure of his rights on this point."

We believe that statement is virtually controlling here. Obviously plaintiff's effort to amend her petition could have no purpose except to make more certain her case against defendant. Her objections to the failure to instruct on speed made no suggestion—given the most liberal inter-

pretation possible—that the instruction was requested on the issue of contributory negligence. We cite only two of the innumerable cases holding that under rule 196, R. C.P., only those grounds of objection raised in the trial court may be availed of on appeal. Andrews v. Struble, 178 N.W. 2d 391, 399 (Iowa 1970); Schall v. Lorenzen, 166 N.W.2d 795, 798 (Iowa 1969).

We find no reversible error and the judgment is therefore—

Affirmed.

All Justices concur.