MARY LOUISE GOOKIN, Appellee, v. GUY W. BAKER & SON et al., Appellants.

No. 43975.

968

December 14, 1937.

Rehearing Denied March 18, 1938.

J. W. Kridelbaugh, for appellee.

G. C. Stuart and A. V. Hass, for appellants.

Richards, J.—At about 2:30 o'clock in the morning of November 29, 1934, at a place about 5 miles east of Chariton, a Ford automobile being driven westwardly on Primary Highway No. 34 came into collision with the rear end of defendants' truck. Traveling in the Ford were three persons, Brisbine

Gookin in the rear seat, Burton Gookin in the front seat driving the car, and plaintiff, also in the front seat, asleep. To recover damages on account of personal injuries suffered in the collision plaintiff brought this law action, alleging that negligence on the part of the defendants was the proximate cause of the collision. The case was tried upon its merits. From a judgment upon a verdict returned by the jury defendants have appealed.

■■■ In plaintiff's petition are found eight separate specifications of defendants' alleged negligence. In one of these it was stated that defendants were negligent "In not operating and driving said truck in a careful and prudent manner on the public highway." Defendants assign as error the submission to the jury of this specification, because, say defendants, it amounts to a general allegation of negligence which was waived by the other specific allegations of negligence contained in the petition. It is the general rule that, in order to be timely, the question as to this pleaded specification being a proper one to be submitted to the jury if later sustained by the evidence, should have been raised by defendants by appropriate motion prior to the filing of their answer. Section 11135, Code 1935. Harriman v. Roberts, 211 Iowa 1372, 235 N. W. 751; Engle v. Ungles, 223 Iowa 780, 273 N. W. 879. Defendants did not raise the question until after the specification had been submitted to the jury upon the trial, and the verdict returned. Under the general rule defendants were not in position after the verdict to urge that the specification in itself was such that the court had erred in submitting it to the jury.

However, defendants seek to avoid application of this general rule by saying that the trial court nevertheless erred in submitting this specification because it had been waived by the pleading by plaintiff of other specific allegations of negligence in the same count. In support appellants cite a statement found in the opinion in Sutcliffe v. Ft. Dodge G. & Elec. Co., 218 Iowa 1386, 1393, 257 N. W. 406, 409, partially restated in Luther v. Jones, 220 Iowa 95, 261 N. W. 817. The full statement is as follows:

"While discussing the pleadings relating to negligence which might otherwise give rise to the res ipsa loquitur rule, we have said that a general allegation of negligence followed in the same count of the pleading by a specific allegation of negligence

will amount to a waiver of the general allegations in favor of the specific.''

In each of the cases last cited the plaintiff sought to avail himself of the principle of res ipsa loquitur to prove defendant's negligence. In both cases is discussed the rule that the pleading of general negligence supports the res ipsa loquitur rule if it is clearly indicated that such rule alone is relied on. There is also discussed the doctrine that res ipsa loquitur has no application where plaintiff points out the specific negligence which it is alleged caused the injury, because the pointing out of the specific negligent acts amounts to saying that plaintiff knows in what manner defendant was negligent, and resultantly there is no occasion for relying on presumptions afforded by res ipsa loquitur. Such being the context and the subject matter under discussion in the opinion containing the above quotation, it seems quite evident therefrom, as well as from the first phrase found in the quotation, that the real intendment of the quotation is limited, and is that the pleading of specific allegations is a waiver of the *right to use and to rely on the general allegation to support the rule of res ipsa loquitur*. The waiver is of a certain use of the general allegation rather than of the allegation. So viewed, the above quotation is without application to the case at bar where the res ipsa loquitur rule is in no manner invoked. It may be noted also that the opinion in the Sutcliffe case, supra, recognizes that a pleading of general negligence supporting the res ipsa loquitur rule may not be successfully attacked by a motion for more specific statement; but that, if the pleading of general negligence is not so phrased as to exclude all negligence except that to be proven by the res ipsa loquitur rule (which is the state of the pleading in the case before us), a motion for more specific statement is available. The case of Ramsey v. Railway Co., 135 Iowa 329, 112 N. W. 798, was an action not involving res ipsa loquitur. The allegations of specific acts of negligence amounted to a negation of certain averments contained in an allegation of negligence in general terms. It was held that the averments of the general allegation, so negatived by the allegations of specific acts of negligence, were controlled by the latter. In Newland v. McClelland & Son, 217 Iowa 568, 250 N. W. 229, res ipsa not involved, it was held that a general allegation of negligence was not limited by particular allegations of negligence,

the particular allegations not appearing to have been inserted in the pleading as a specification of negligence embraced in the general allegation. The conclusion is that the res ipsa loquitur cases cited by defendants are not authority for holding that there was a waiver of the specification in question, nor are there such averments in the general or specific allegations of negligence in this case that the district court should have determined sua sponte that the general allegations were limited or waived by the more particular specifications. There was no waiver relieving defendants from the result of their failure to raise their question in due time.

■■■ Defendants further allege there was error in submitting the general specification above discussed, for the reason that there was no competent evidence in the record warranting such submission. This assignment seems to be based on the assumption that the words "operating and driving" imply a moving vehicle. Even if the soundness of the assumption were apparent, yet we see no merit in the complaint because there was substantial evidence making it a jury question whether the truck was moving, and being driven by one of defendants at the time of the collision. It should also be said that other evidence appears in the record making it a question for the jury whether the truck was being operated on this highway in a careful and prudent manner.

■■■ Another specification of negligence found in the petition is that defendants were negligent "In not keeping said truck on the right hand side of the center of said paved public highway." Defendants say the submission to the jury of this specification was erroneous because from the testimony it appears that the truck was not more than a foot and a half over on the left-hand half of the paving. From evidence with respect to the part of the rear of the truck that was struck by the Ford defendants claim it should be held to have been proven that, had this foot and a half been open space, the Ford nevertheless would have collided with the rear of the truck. Defendants say that it follows that the position of the truck could not have been the proximate cause of the collision. The difficulty with defendants' conclusion that the collision would have happened regardless of the position of the truck is that it was by no means conclusively established by the evidence. The most that can be said is that it was conjectural, and the court rightly submitted the question to the jury for determination.

Defendants say there is an additional reason that it was erroneous to submit to the jury the specification last above quoted. The record being such that it was a jury question whether at the time of the collision the truck was moving forward or had come to a stop, defendants say the wording of the specification was such that its submission allowed the jury to find defendants negligent in being on the left side of the paving even though the truck was traveling forward. Defendants say that consequently it was error to submit the specification because the driver of the truck had the *absolute right* while moving forward to occupy the left side of the paving until signalled from a vehicle approaching from the rear to resume the right side. The complaint made is not of any erroneous statement of the law made in the instruction by the court. Rather it is a complaint that this specification was objectionable because too general or inclusive. The specification was one of those on which the case was tried, and whether it was one on which plaintiff could stand was not raised by defendants until after the close of the introduction of evidence, when defendants moved that this specification be withdrawn. As pointed out earlier in this opinion, if the specification should have been stricken or if it should have been made more specific, it should have been attacked before answer. If it be that the evidence developed that the specification as it stood in the petition was too inclusive, there would be a different question before us had the defendants requested an instruction limiting its application. The question that is before us is whether the court, at the stage of the proceedings that has been mentioned, should have withdrawn the entire specification. That is what defendants requested. A request of that nature could not then be granted. The situation is not one in which there was no evidence to sustain the specification.

To avoid confusion, the foregoing should not be construed as a pronouncement as to the soundness of appellants' claim that the driver of the truck had an *absolute* right to occupy the left side of the highway until signalled from a following vehicle, regardless of whether the attending facts and circumstances were such that an ordinarily prudent and careful person in the exercise of ordinary care would not have so done.

One of the issues properly submitted to the jury was upon defendants' contentions, first, that there was negligence on part

of the driver of the Ford car; and, second, that such negligence was the sole proximate cause of the collision. In the instruction on the question whether there was negligence on part of the driver of the Ford car, there was a charge substantially to the effect that it is provided by statute (Code 1935, §5029) that no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, "such driver having the right to assume, however, that all persons having the use of the highway will observe the law." This charge also advised the jury that a violation of this statute constituted negligence.

█▌█ As the Ford traveled toward the place of the accident, it was traversing for about 600 feet a portion of the highway that was straight and level. The evidence also established that, when the lights of the Ford car first revealed to the driver the presence of the truck on the highway, the speed of the Ford was such that the car could not be stopped before striking the truck. The charge to the jury with respect to this state of facts should have taken into consideration the statutory law as it was at the time of accident. Leete v. Hays, 211 Iowa 379, 233 N. W. 481. At that time section 5029, the statute the court attempted to follow, had been construed as requiring the operator of an automobile at all times to be able to stop his car within the distance that discernible objects could be seen, even though such object may be a vehicle on the highway that displays no lights. Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893. But instead of definitely advising the jury that such was the burden of duty resting upon the driver of the Ford car, the instruction we are discussing substituted an erroneous standard for judging whether such duty was performed. This was done by including in the instruction the statement that such driver had the right to assume "that all persons having the use of the highway will observe the law." That this error was prejudicial clearly appears. There was evidence that there were no tail or rear lights on the truck. Were the law being observed in the operation of the truck, there would have been such rear lights, unless possibly there had happened some failure of the lights to operate. Section 5048, Code 1935. It is readily seen that the jury may have interpreted this instruction as excusing the driver of the Ford from negligence in violating the requirements of section 5029, by considering that such driver had the

right to assume that, if any truck were on the highway, it would have rear lights, and that he had the right to rely on such rear lights to apprise him of the presence of the truck, although not revealed by the lights from the Ford. The error undoubtedly was the result of the trial court instructing in practically the words of section 5029, Code 1935. But the portion of the section there appearing with respect to the driver having the right to assume "that all persons using said highway, will observe the law" was added to the section by chapter 49 of the acts of the 46th General Assembly, subsequent to the time of the accident.

We are not unmindful that this court has many times recognized the general rule that, until he knows otherwise, or in the exercise of ordinary care should know otherwise, one using the highway may assume that others also having the use of such highway will observe the law. Muirhead v. Challis, 213 Iowa 1108, 240 N. W. 912; Orth v. Gregg, 217 Iowa 516, 250 N. W. 113; Fry v. Smith, 217 Iowa 1295, 253 N. W. 147. The conclusion herein announced is not in conflict with this general rule, but points out that, on account of the definite duties imposed upon the operator of a motor vehicle by the provisions of section 5029, Code 1931, as construed in the case of Lindquist v. Thierman, supra, such driver thereby is deprived of the benefit of the application of the general rule, to the extent that we have indicated.

On account of the error pointed out the case is reversed.—Reversed.

HAMILTON, C. J., and SAGER, ANDERSON, STIGER, and DONEGAN, JJ., concur.