O. G. SCHROEDER, Appellant, v. PAUL KINDSCHUH, minor, and CHARLES KINDSCHUH, Appellees.

No. 45319.

L. E. Liffring, Ansel J. Chapman, and Senneff & Senneff, for appellant.

Ray G. Cummings, for appellees.

MILLER, J.—The collision involved herein occurred about 1:30 a. m., September 20, 1939, on a dry highway, No. 227, about three miles south of Stacyville, Iowa. Both of the automobiles were headed south. Plaintiff's car was struck in the rear by defendants' car. Both cars were damaged. Plaintiff brought suit, seeking to recover $255.50 as the cost of repairing his car and $94.50 damages for loss of use of the car. Defendants' answer admitted that the collision occurred, but denied that defendants were negligent in respect thereto or that plaintiff was free from contributory negligence. The answer also asserted a counterclaim for $85 as damages to defendants' car on the theory that plaintiff was negligent and defendants were not. The jury returned a verdict in favor of defendants for $85 on the counterclaim. Plaintiff appeals.

Defendants' version of the accident was that their car was being driven south on the highway in a lawful manner. Plaintiff overtook and passed defendants' car before the collision occurred. After passing defendants' car, plaintiff overtook an automobile of one James Day that was also headed south but was parked on the west side of the highway for the purpose of changing a tire. Plaintiff pulled over to the east side of the highway to avoid the Day car, slowed down and, when alongside of the Day car, stopped suddenly, without signalling his intention so to do, completely blocking the highway, as a result of which, defendants' car collided with the rear of plaintiff's car, damaging both vehicles.

592

■ As often occurs in cases of this kind, the testimony is conflicting as to many of the details of the collision. In considering the verdict of the jury for the defendants on their counterclaim, we must consider the evidence in the light most favorable to the defendants. So considered, the evidence was such as to warrant the jury finding the following facts.

Just prior to the collision, the cars of the plaintiff and the defendants were both proceeding south on highway No. 227, south of Stacyville, at about 1:30 a. m. The pavement was black-top, estimated to be about 30 feet wide with a narrow strip of grass between the pavement and the ditch on each side of the road. Some distance north of the scene of the collision, plaintiff passed defendants' car. At the scene of the collision, James Day's car was parked on the west side of the pavement with the right-hand side of the car about a foot from the ditch. At the time of the collision, Day was standing on the left side of his car. He had a flat tire on that side of the car. Plaintiff slowed down as he approached Day's car, pulled over to the left-hand side of the highway and stopped with the left side of his car about five or six feet from the east side of the highway and with about a 30-foot distance between his car and Day's car.

There is a dispute whether plaintiff's car had come to a full stop. Plaintiff testified that he was moving slowly and was beginning to pull over to the right-hand side of the road. Day testified for plaintiff on direct examination that he did not know whether plaintiff had stopped. On cross-examination, he testified that he had stopped. Several of defendants' witnesses testified that plaintiff's car was stopped. The testimony being in conflict, it was for the jury to determine this fact and they were warranted in finding that plaintiff had stopped his car on the left-hand side of the highway immediately before the collision occurred.

Defendants' driver saw Day's car and pulled out around it. He noticed plaintiff's car but did not know that it was stopped until he was alongside of Day. He was then travelling at a speed variously estimated from 20 to 35 miles an hour. He tried to stop but could not. The collision resulted.

■ I. At the close of the evidence, plaintiff made a motion

for a directed verdict on defendants' counterclaim, asserting that under the evidence defendants were guilty of contributory negligence as a matter of law because their car was not operated at such a speed that it could be brought to a stop within the assured clear distance ahead and the driver was not keeping a proper lookout. The court overruled the motion. The ruling is asserted to be erroneous. We find no merit in such contention.

The assured clear distance ahead rule, section 5023.01 of the Code, 1939, has been the basis of a vast amount of litigation before this court. We have repeatedly held that, where a parked car is struck from the rear and the circumstances are such as to show a violation of the requirements of the rule, the driver of the overtaking vehicle will be held to be guilty of negligence as a matter of law. Swan v. Dailey-Luce Auto Co., 221 Iowa 842, 265 N. W. 143; Ellis v. Bruce, 217 Iowa 258, 252 N. W. 101; Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893; Peckinpaugh v. Engelke, 215 Iowa 1248, 247 N. W. 822; Albrecht v. Waterloo Const. Co., 218 Iowa 1205, 257 N. W. 183; Shannahan v. Borden Prod. Co., 220 Iowa 702, 263 N. W. 39. These cases recognize, however, that the rule is not applicable where the circumstances are such as to present a legal excuse for violating the statute or diverting circumstances from which the jury would be warranted in holding that the statute was not applicable. The facts presented by such cases were not analogous to those presented by the record herein.

We are of the opinion and hold that the evidence herein was such that the jury was warranted in finding that there were diverting circumstances which exonerated defendants from the strict requirements of the rule. Defendants' driver, as he approached Day's car, saw that it was stopped and that it was necessary to avoid it. He noticed plaintiff's car proceeding ahead of him and had no reason to anticipate that plaintiff would stop on the left-hand side of the road in such a manner as to block the highway. As defendants' driver pulled out around Day's car, his attention might well have been concentrated on this maneuver. He also had to avoid Day, who was standing to the left of the car. He succeeded in avoiding both. When this had been accomplished, he then became aware of the fact that plaintiff's car was stopped, directly in his path and about 30 feet ahead of

him. The jury was warranted in finding that defendants were not negligent in failing to avoid the collision which then resulted.

■ II. Plaintiff excepted to the court's instruction No. 1, asserting that, in said instruction, the court submitted several specific allegations of negligence which had been withdrawn and neglected to submit to the jury plaintiff's theory that the case was one for the application of the doctrine of res ipsa loquitur under a general allegation of negligence. We find no merit in this contention.

Plaintiff's petition, as originally filed, asserted six specific allegations of negligence in paragraph No. III thereof. Plaintiff then filed an amendment, stating that he "amends and substitutes paragraphs III and IV, in the plaintiff's petition to read as follows." Plaintiff then set out one paragraph which asserted that the collision was caused by negligence of the defendants and that plaintiff was free from contributory negligence.

In instruction No. 1, the court submitted to the jury all six of the specific allegations of negligence contained in the original petition and did not submit to the jury the theory of liability under the doctrine of res ipsa loquitur.

Had defendants' car collided with Day's car, there might be some basis for the application of the doctrine of res ipsa loquitur. Day's car was parked, with its lights on, on the right-hand side of the road. Under such circumstances, a collision with it would have been due to instrumentalities solely within the control of defendants' driver. Harvey v. Borg, 218 Iowa 1228, 257 N. W. 190.

However, the jury was warranted in finding that the collision which did occur was the result of instrumentalities under the control of the plaintiff as well as those under the control of the defendants' driver. In such a case, the doctrine of res ipsa loquitur has no application. Larrabee v. D. M. Tent & Awning Co., 189 Iowa 319, 178 N. W. 373.

If any error occurred in the giving of instruction No. 1, it was not prejudicial to plaintiff. Plaintiff was given all that he was entitled to and perhaps more. Such action of the court does not warrant a reversal at our hands.

■ III. Plaintiff excepted to the giving of instructions Nos. 3

and 12, asserting that in said instructions the court submitted to the jury two issues raised by defendants' counterclaim which had no evidence to support them. One issue was that plaintiff stopped suddenly on the left side of the road, completely blocking the same. From our review of the evidence, heretofore set out, we are of the opinion that the evidence warranted the submission of such issue.

The other issue was that plaintiff stopped without signalling and too suddenly for defendants to avoid the collision. The only signal which plaintiff claims was given was that of his automatic taillight. We are of the opinion that it was for the jury to determine whether, under the circumstances shown by the evidence, such a signal was sufficient to meet the requirements of sections 5025.06 to 5025.08, inclusive, of the Code, 1939.

None of appellant's assignments of error appears to be well taken. The judgment is affirmed.—Affirmed.

RICHARDS, C. J., and SAGER, HALE, HAMILTON, MITCHELL, and STIGER, JJ., concur.

BLISS, J., takes no part.