CENTRAL STATES ELECTRIC COMPANY, Appellant, v. CLARK McVAY, Appellee.

No. 46073.

OCTOBER 20, 1942.

Johnston & Shinn, of Knoxville, for appellant.

Johnson & Johnson, of Knoxville, for appellee.

GARFIELD, J.—The trial court ruled that the driver of plaintiff's car was guilty of contributory negligence as a matter of law because he violated the assured-clear-distance statute, section 5023.01, Code, 1939, providing that no person shall drive a vehicle ''at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law.'' The appeal challenges the propriety of this ruling.

On November 17, 1941, at about 5:40 p. m., plaintiff's employee, Stover, was driving its 1941 Buick car west on paved primary highway 92. The sun had set at 4:52. When about seven miles east of Knoxville, the car collided with the rear of defendant's unlighted farm wagon filled with corn. The wagon was being pulled by a team tied to the rear of another corn wagon upon which defendant was riding and which was being pulled by another team.

A car was being driven east by one Reynolds. As Reynolds and Stover approached each other, bright lights on plaintiff's car blinded Reynolds, who flashed on his bright lights and then turned his dimmers back on. Stover then dimmed the lights on plaintiff's car, and the two vehicles met and passed. As soon as these two cars passed, Stover turned his bright lights back on and then for the first time saw the back of the rear wagon 50 to 100 feet ahead. He ''slammed on'' his brakes ''and got fairly well stopped'' but was unable to stop completely or turn out in time to avoid colliding squarely with the rear of the wagon, which was almost wholly on the pavement. The right rear wheel of the wagon was just off the pavement.

Another car driven by one Thomassen had been following Stover at a distance of 150 to 175 feet. Thomassen attempted to pass the vehicles which collided on the left but came in contact with the plaintiff's car in the attempt. ''Just before the collision'' Stover had been driving 50 to 55 miles an hour, but he ''slowed down some when the Reynolds car approached.'' The highway was straight and about level. Shortly after the collision defendant told Stover ''he was very sorry this accident happened and it was all his fault.''

Appellant contends, in effect, that he did not violate the

foregoing statute, because the wagon was not a discernible object and that the collision occurred under such peculiar circumstances, beyond his control, as to render the assured-clear-distance statute inapplicable. The following matters are relied upon. The wagon was not equipped with any lighted lamp as required by Code, section 5034.07. We are told that under section 5023.01 Stover had a right to assume that such unlighted wagon would not be using the highway. "The wagon had a weather-beaten undercoat on it." It was dark gray color. All appellant "saw was the glint of the lights on the steel wheels." He says he could not tell that it was a wagon. He was then too close to go around it. The meeting of the lighted Reynolds car, it is said, tended to divert Stover's attention and excuse his failure to avoid striking the wagon. Stover testified that when bright lights are turned back on it takes a moment, "maybe a second," for your eyes "to get adjusted."

Appellant relies upon Jeck v. McDougall Constr. Co., 216 Iowa 516, 246 N. W. 595; Kimmel v. Mitchell, 216 Iowa 366, 249 N. W. 151; Kadlec v. Johnson Constr. Co., 217 Iowa 299, 252 N. W. 103; Schroeder v. Kindschuh, 229 Iowa 590, 294 N. W. 784, and some other decisions. Some of the cases cited by appellant hold that Code section 5023.01 is applicable only where the object in the highway is discernible. Our decisions also recognize that there may be peculiar circumstances which render the assured-clear-distance statute inapplicable or excuse lack of strict compliance therewith. We have held on several occasions that the statute does not apply where there were circumstances beyond the driver's control which naturally diverted his attention. In other words, failure of a motorist to avoid striking an unlighted vehicle or other object on the highway does not necessarily and under all circumstances amount to a violation of the assured-clear-distance requirement.

Appellee relies upon Shannahan v. Borden Prod. Co., 220 Iowa 702, 263 N. W. 39; Hart v. Stence, 219 Iowa 55, 257 N. W. 434, 97 A. L. R. 535; Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893; Peckinpaugh v. Engelke, 215 Iowa 1248, 247 N. W. 822; Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569, and some other decisions not so closely in point. In each

.of· these cases, a motorist who collided with an unlighted vehicle parked upon the highway was held to be negligent as a matter of law because he either failed to keep a proper lookout or violated ·the assured-clear-distance requirement. The Shannahan and Hart cases, supra, seem to be the strongest Iowa decisions in support of· the trial court's ruling, although appellant argues that. the unlighted truck involved in each of these two cases was more readily discernible than the wagon in the case at bar, and otherwise seeks to distinguish the decisions.

Notes on the subject under discussion appear in 87 A. L. R. 900, 97 A. L. R. 546, 1:33 A. L. R. 967, and 24 Iowa Law Rev. 128. See also 5 Am. Jur. 647, section 263.

All the cases heretofore cited, except Schroeder v. Kind-schuh, 229 Iowa. 590, 294 N. W. 784 (in which the question of contributory negligence was held to be for the jury), arose before the assured-clear-distance statute was amended by chapter 49 of. the Acts of the Forty-sixth General Assembly by adding thereto, "such driver having the right to assume, however, that all persons using said highway; will observe · the law." This amendment took effect July 4, 1935. The significance of this amendment seems never to have been considered by us, except incidentally in Gookin v. Baker & Son, 224 Iowa 967, 974, 276 N. W. 418. See, too, Anderson v. Kist, 229 Iowa 462, 468, 469, 294 N. W. 726, where it was emphasized that the plaintiff, under section 5023.01, had a right to assume that defendant's driver would comply with the law.

· The legislature evidently had a purpose in amending the statute. It is our duty; to give effect to the clause which the lawmakers saw fit to add to the statute, if this can fairly be done. It is a cardinal rule that each part of a statute must be given effect, if possible. This amendment to the statute unmistakably shows the legislative intent that the right to assume compliance with law on the part of others is to be considered in determining whether the statute has been violated. It is true it has long been a recognized rule of law that a motorist has a right to assume that others will observe the law, until he knows, or in the exercise of reasonable care should have known, otherwise. However, by our decision in Lindquist v. Thierman, 216 Iowa

170, 248 N. W. 504, 87 A. L. R. 893, before the passage of this amendment, the benefits of this general rule had, in effect, been denied a motorist who collided with an unlighted vehicle. Gookin v. Baker & Son, 224 Iowa 967, 974, 276 N. W. 418.

As applied to the present controversy, we think the legislature must have intended by this addition to the statute, that where a motorist, while in the exercise of ordinary care, unexpectedly comes upon a vehicle of which he is not aware and which is not lighted as required by law, and thereafter exercises such care in an attempt to avoid striking the vehicle, he is not to be held guilty of negligence as a matter of law in colliding with the obstruction. Here, the presence of appellee's unlighted wagon in violation of law furnished appellant a legal excuse. See Kisling v. Thierman, 214 Iowa 911, 916, 243 N. W. 552.

Our decision finds support in Angell v. Hutchcroft, 231 Iowa 1057, 1061, 3 N.W. 2d 147, 149, where the trial court instructed, in substance, that if the jury found that defendant, who interposed a counterclaim, failed to obey a requirement of statute, he would not be entitled to the benefit of the assured-clear-distance rule as against plaintiff. We held the instruction did not constitute reversible error and said, in effect, that a violation of statute by one party to a collision furnished the other a legal excuse for the latter's failure to comply with the assured-clear-distance requirement, under the circumstances of that case.

Attention is called to Carlson v. Decker & Sons, 216 Iowa 581, 585, 247 N. W. 296, and Caudle v. Zenor, 217 Iowa 77, 82, 251 N. W. 69, where a similar result was reached on a somewhat different theory. In each of these two cases, plaintiff collided with an unlighted vehicle. The question of contributory negligence was held to be for the jury on the theory that the absence of lights on the vehicle could well be the proximate cause of the collision.

Our decision is in line with the following reasoning in Kadlec v. Johnson Constr. Co., 217 Iowa 299, 307, 308, 252 N. W. 103, 107, decided before the statute was amended:

"A reasonable construction of this statute would seem to require that, where the evidence shows that plaintiff's car was equipped with good lights, and he was not exceeding the speed

limit, he should not be held guilty of contributory negligence as a matter of law, in failing to see an object which was undiscernible to a person approaching the same in the exercise of ordinary care.

"This statute, like all others, should not be so construed as to require a party approaching the object to see it, as a matter of law, when by the use of ordinary care on his part it cannot be seen."

The significance of the 1935 amendment to the statute is discussed in 24 Iowa Law Rev. 128, 136, where it is said:

"This amendment was apparently an attempt to remedy such hard cases as those in which the driver of an automobile struck a stationary object wrongfully left unlighted, such as a parked truck and suffered a directed verdict against him when plaintiff.' * * * It seems clear, however, that there will be a change in the law in the cases above suggested under the amendment, because the court will probably hold that the legislature intended some change by the amendment."

In 5 Am. Jur. 648, section 263, it is said:

"Without denying that in many situations and under many conditions a driver of an automobile is as a matter of law guilty of negligence in driving at such a rate of speed as prevents stopping within time to avoid an obstruction within the range of his vision, there is a strong tendency in the recent cases to refuse to adopt that as a universal formula or a hard and fast rule. * * * The rule does not apply to a case where an object or obstruction which the driver has no reason to expect appears suddenly immediately in front of his automobile * * * ."

Here the jury could have found that Stover was in the exercise of ordinary care in maintaining a lookout and in otherwise operating appellant's car, and that he exercised such care in attempting to avoid the collision from the time he first saw appellee's wagon. He had a right to assume, until he knew or in the exercise of ordinary care should have known otherwise, that no unlighted wagon would be traveling upon the highway. We

think, therefore, Stover was not guilty of contributory negligence as a matter of law but that this issue was for the jury. The cause is, therefore,—Reversed.

All JUSTICES concur.