O. P. HERRICK, Appellee, v. MERCHANTS TRANSFER & STORAGE COMPANY, Appellant.

**BAILMENT:** Measure of Damages. The measure of damages for
1 negligent injury to a bailment is not the difference between the value of the bailment at the time of storage and at the time of redelivery, but is the depreciation in value caused by the *bailee's* negligence.

**DAMAGES:** Avoidable Consequences. The measure of damages
2 for a comparatively trifling injury to property is the reasonable cost of restoration or repair.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 15, 1919.

ACTION at law to recover damages from the defendant, a storage company, for neglect in the care of certain property deposited with it by the plaintiff. The material facts are

stated in the opinion. There was a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*R. L. Parrish,* for appellant.

*Parsons & Mills,* for appellee.

Weaver, J.—The plaintiff alleges that, in the year 1911, he left with defendant a certain engine, wagon, and tank, which defendant undertook to keep and care for on plaintiff's account; and thereafter, in the year 1913, plaintiff, desiring to resume the possession and use of his said property, demanded its return from the defendant, and then and there discovered that defendant had allowed the wagon and tank to be stolen or taken away by some person unknown, and had permitted the engine to be stored in an old, dilapidated, leaky building, and that, by reason of such exposure, said engine had been destroyed, and had become utterly worthless, except as old iron. He further alleges that the value of the property so delivered to the defendant was $2,000, and that the value of it in its said ruined condition does not exceed $150. He asks judgment for damages in the sum of $1,950.

1. BAILMENT: measure of damages.

The defendant denies the claim thus sued upon, and alleges, by way of counterclaim, that, during the years 1912 to 1917, at the instance and request of plaintiff, it stored and kept certain goods and machinery, and that the reasonable value of the services so rendered to the plaintiff was $486.75, for which sum a judgment is asked against plaintiff.

The cause was tried to a jury, and verdict returned for plaintiff for $350; and it is from the judgment entered on this verdict that the defendant appeals.

Plaintiff's evidence tended to show the deposit by him for storage with the defendant in the year 1913 of a certain

traction engine, together with a steel tank and wagon; that the property was then in reasonably good order; and that, except for a short interval, the property remained in such storage until the spring of 1914, at which time plaintiff went to defendant's place of business, and found the engine badly rusted. The tank also was rusted, and had been "hammered and busted through." "Somebody had stolen all the brass, and the water had run down into the shell of the boiler." On a later visit, he testifies, both tank and wagon were missing. He estimates, as a witness, the value of the property, when delivered to defendant, at about $1,600, and says that, in 1914, when he demanded its return, it was not worth anything except for junk, about $100. He says, also, that he had an estimate made for repairs, which amounted to $300. Other witnesses testified in corroboration of the plaintiff.

For the defendant, testimony was offered tending to show that the property, when delivered to defendant, was old, worn, and of but little value; that the injury to it, if any, while in defendant's possession, could be cured by repairs at comparatively small expense; that the storage given to the property during the years it had been left with defendant was worth about $8.00 per month, no part of which had been paid.

Upon the case thus indicated by the record, the court charged the jury, among other things, as follows:

"Instruction No. 5. In the event that you determine, under the evidence offered and introduced on this trial, and under the instruction as herein given, that the plaintiff is entitled to recover damages in some sum, you are instructed that the measure of damages is the difference between the reasonable value of the engine and its accessories in question at the time the same were stored with the defendant and the reasonable value of the said engine and accessories at the present time."

Error is assigned upon this charge, the principal ground of which is stated as follows:

"(a) The said instruction does not state the proper measure of damages, in that it does not limit the damage or depreciation to those resulting from the defendant's negligence, and takes no account of difference in price possibly existing at the two periods, even in the absence of intrinsic depreciation."

This exception must be sustained. If the defendant is liable to the plaintiff for any sum whatever, it must be for depreciation, loss, or damage caused by or resulting from the defendant's negligence, and nothing else. It is very possible that, in the long interim of seven years between the deposit of the property with the defendant and the date when this case was tried in the lower court, its reasonable value may have depreciated very materially, from causes other than defendant's negligence. It may have deteriorated from causes natural or inherent in the materials of which it is composed; it may have been ruined by injuries or trespasses against which the defendant is not an insurer; the passing years may have developed other machinery so much better and more effective as to practically destroy the merchantable character and value of that which is in controversy; and yet, for injury or depreciation so resulting, the defendant would not be liable in damages.

It may also be said that there is evidence from which the jury might find that, if this property suffered any injury for want of due care while in defendant's hands, it could have been repaired or placed in as good condition as when received for a comparatively trifling expense, and in such case, the recovery should be limited to the reasonable cost of the necessary restoration or repair.

2. DAMAGES: avoidable consequences.

The error in the charge as given is clearly prejudicial

to the defense, and for this reason a new trial will be award-
ed.

The foregoing conclusion renders unnecessary the con-
sideration of other errors assigned.

The judgment appealed from is reversed, and cause
remanded.—*Reversed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.