HERMAN LANGHAM, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**RAILROADS: Accidents at Crossings—Obstructions — Evidence Pro**
1 **and Con.** On the issue whether the view of a railway track was so obstructed at the time of an accident that an approaching train could not be seen, testimony by an eyewitness is manifestly admissible to the effect that he immediately stationed himself at the point of accident and could plainly see the entire track over which a train would approach.

**RAILROADS: Accidents at Crossings—"Physical Fact" Rule—Divert-**
2 **ing Circumstance.** A requested instruction should be given, when the testimony is supporting, to the effect that, if the view of a railway track is unobstructed for a long distance while a traveler is knowingly approaching it, he will be held to have seen the train approaching thereon, there being no diverting circumstance.

**DAMAGES: Measure of Damages—Failure to Limit Findings.** An in-
3 struction which directs the jury, in determining the damages to an article, *"to consider"* its value before the injury and its value after injury is erroneous, because it fails to confine the jury in its findings of damages.

**DAMAGES: Measure of Damages—Article of Personalty—Reparable**
4 **and Irreparable Injury.** The measure of damages for injury to an article is: (1) For total destruction, the reasonable value at the time of destruction. (2) For a fully reparable injury, the reasonable cost of the repairs, plus the reasonable value of the use of the article during a reasonable time for repair. (3) For a partially reparable injury, the difference in the reasonable value of the article before and after the injury.

**Headnote 1:** 33 Cyc. p. 1081 (Anno.)  **Headnote 2:** 33 Cyc. pp. 1006, 1096, 1142.  **Headnote 3:** 17 C. J. pp. 1066, 1067.  **Headnote 4:** 17 C. J. pp. 876, 877.

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

APRIL 6, 1926.

ACTION for damages to the automobile of plaintiff, caused by a collision between it and one of the trains of defendant. Plaintiff recovered a verdict for $1,000, and defendant appeals. —*Reversed.*

*J. G. Gamble* and *R. N. Lynch,* for appellant.

*Tobin, Tobin & Tobin,* for appellee.

ALBERT, J.—This is the second appeal in this case. The former opinion appears in 197 Iowa 1118.

Only a partial statement of the record is necessary, so far as the questions involved in the appeal are concerned.

Eighth Avenue in the city of Vinton runs north and south. Appellant's tracks, six in number, cross Eighth Avenue. To the west of Eighth Avenue and between Tracks 3 and 4 is the freight house of appellant. This freight house stands 68 feet west of the center of Eighth Avenue. About five blocks west of Eighth Avenue, between Tracks 3 and 4, is the passenger station of appellant.

On the day in controversy, appellee was driving south on Eighth Avenue. He crossed Tracks 1, 2, and 3, and the accident occurred on Track 4, where his car was struck by appellant's passenger train, coming from the west.

One of the claims made by appellee is that each of the three tracks to the west of Eighth Avenue had box cars standing thereon, which obstructed his view to the west, and that for that reason he could not see the passenger train, as and after it left the station. While it is admitted that there were cars on Track 1, the north track, the company claims that there were no box cars on Tracks 2 and 3, and that, had appellee looked, after he passed Track 1, he could have seen the approaching train, and thus avoided the accident.

We have numbered these tracks Nos. 1 to 6, beginning with the north track.

Appellant tendered a witness, one Stewart, who saw the accident. Stewart says that, immediately thereafter, he walked to a point about the center of Track 3 and the center of Eighth Avenue, and that, from where he stood, looking west, he could see the main line, Track 4, from the passenger station to the west end of the freight house. The court refused to admit the testimony thus proffered. It appears to us that this was very material testimony for the appellant, and should have been

1. RAILROADS: accidents at crossings: obstructions: evidence pro and con.

admitted. If what the witness said was true, it tended to squarely negative the contention of appellee that the view to the west was obstructed by cars on Track 3, the place where the witness stood. It also tends to negative the testimony of appellee himself that he stopped his car on Track 3 and looked to the west, but could not see the approaching train because his view was obstructed by cars on that track. *State v. Nowells,* 135 Iowa 53; *Lawrence v. City of Sioux City,* 172 Iowa 320; *Burg v. Chicago, R. I. & P. R. Co.,* 90 Iowa 106; *Snakenberg v. Minneapolis & St. L. R. Co.,* 194 Iowa 215; *Houston & T. C. R. Co. v. Ramsey,* 43 Tex. Civ. App. 603 (97 S. W. 1067); *Vandalia R. Co. v. Duling,* 60 Ind. App. 332 (109 N. E. 70).

The appellant requested several instructions, stating in different forms the doctrine designated as a physical-fact rule, the substance of which is that if, in approaching this track, the appellee's view of the approaching train was unobstructed, he is held by the law to have seen the train, and was, therefore, guilty of contributory negligence. The court refused all of the instructions asked by appellant on this subject, and did not cover it in the instructions given. True, it was a disputed question whether or not the appellee's view was obstructed; but, if the jury concluded that his view was not obstructed, then of course this doctrine would apply. In our judgment, it should have been given. Appellee meets this proposition by contending that this rule has no application where there are diverting circumstances, and cites *Glanville v. Chicago, R. I. & P. R. Co.,* 196 Iowa 456; and *High v. Waterloo, C. F. & N. R. Co.,* 195 Iowa 304. Neither of these citations decides the question of a diverting cause or circumstance; but, be that as it may, the evidence of appellee himself shows the following condition: When he drove onto Track 3, which is 60 feet north of Track 4, the main-line track, where the accident occurred, he stopped his car, and, looking to the east, he saw a freight train about 300 feet from the crossing where the accident occurred. This train was standing still. He says he noticed it, but gave no further attention to it. Under these circumstances, the standing freight train cannot be said or considered to be a diverting cause or circumstance.

2. RAILROADS: accidents at crossings: "physical fact" rule: diverting circumstance.

*Guhl v. Whitcomb,* 109 Wis. 69 (85 N. W. 142). We are satisfied, under the record, that appellant was entitled to an instruction calling for an application of the physical-fact rule.

In a colloquy between the court and counsel, during the trial, the court announced that the measure of damages would be the difference between the value of the car immediately before and immediately following the accident. In its instructions to the jury, the court, after having advised the jury what was necessary for appellee's recovery, proceeded:

"You will then consider the proposition of damages in favor of the plaintiff, and proceed to assess the damages herein to which the plaintiff is entitled, as shown by the evidence. In such sum you should take into consideration the value of the automobile, as shown by the evidence, immediately before the happening of

3. DAMAGES: measure of damages: failure to limit findings.

the accident, and the value of the automobile, as shown by the evidence, immediately after the happening of the accident; but in no event can your verdict herein against the defendant exceed the gross sum of $1,000."

This instruction is objected to by appellant from two angles: First, that it does not confine the jury, in its finding of damages, to the difference in the value of the car before and after the accident. A reading of this instruction shows that this is a valid objection to the instruction as written. It simply says to the jury that they may take into consideration the difference in values, but it does not limit them to that in determining the damages. The second contention against this instruction is equally as, if not more, serious, to wit: that, if it is construed to limit the jury, in assessing damages, to the difference in the value of the car before and after the accident, that rule has no application

4. DAMAGES: measure of damages: article of personalty: reparable and irreparable injury.

to the facts in the case. The evidence describes the condition of the car after the accident. Appellee introduced testimony showing the total cost of repairing the car. The repair bill amounted to $223.57. True, the appellee gives his opinion that the fact that the car had been in a railroad accident hurt its value for resale purposes, but this does not aid things much in this respect. There

seems to be a slight misunderstanding of our cases on this question, but we deem the following to be the general rules of law governing such matters:

1.   When the automobile is totally destroyed, the measure of damages is its reasonable market value immediately before its destruction.

2.   Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.

3.   When the car cannot, by repair, be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident.

These three rules are deducible from the following authorities: *Carruthers v. Campbell,* 195 Iowa 390; *Anderson v. United States R. Adm.,* 193 Iowa 1041; *Pugh v. Queal Lbr. Co.,* 193 Iowa 924; *Herrick v. Merchants T. & S. Co.,* 187 Iowa 862; Huddy on Automobiles (7th Ed.), Sections 868, 872; Berry on Automobiles (4th Ed.), Sections 1071 to 1085.

Some things are said in some of our cases, mostly by way of dictum, which do not harmonize with the above rules; but, to the end that the rules may be clearly stated and understood by the bench and bar, we have put them in the above form. Under these rules, the court, in its instructions, gave to the jury an incorrect rule for measuring the damages.

Some other matters are urged on our attention, but they will probably not arise on a retrial of the case, and we give them no further attention.—*Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.