## PATTERSON *v.* JACOBS.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—RIGHT SIDE OF STREET.
   Deceased motorist who is undeniably shown to have been operating her car on her right side of the street at time of and prior to head-on collision was not because thereof guilty of contributory negligence as a matter of law.

2. SAME—CONTRIBUTORY NEGLIGENCE—RIGHT SIDE OF STREET—OBSERVATION OF CAR APPROACHING ON WRONG SIDE.
   Motorist who was travelling in midwinter at estimated speed of 25 miles an hour on her right side of the street and turned toward center of street to pass a car parked at her right but still remained on her right side of center line and applied her brakes 25 feet before collision occurred would not become immediately guilty of contributory negligence in continuing on her right side of slippery highway even though she may have seen defendant approaching on the wrong side of the street, as she would have the right to assume defendant would guide his car to the proper side of the 30-foot highway (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

3. SAME—HEAD-ON COLLISION—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

In action by administrator of estate of woman who was killed in a head-on collision between car she was driving and defendant's car, record *held*, to show she did everything she could to avoid the accident, it being due to defendant's failure to guide his car from wrong side of street to proper side, hence motion for directed verdict was properly denied.

4. NEW TRIAL—JURY TRIAL OF AUTOMOBILE ACCIDENT CASE—NEWSPAPER ARTICLE DISCLOSING INSURANCE COMPANY AS DEFENDANT.

Motion for new trial because after jury had retired to deliberate and before arriving at verdict they were permitted to go to their homes for dinner and that during that period there was distributed throughout the city a local newspaper containing a news article in which it was stated that a $10,000 damage suit instituted by plaintiff against an insurance company representing defendants was expected to go to the jury that afternoon *held*, properly denied, where there is nothing to show that the verdict was in any way influenced thereby or that any members of the jury read the article.

5. SAME—CUMULATIVE EVIDENCE.

Newly-discovered evidence which is merely cumulative is not sufficient to permit the granting of a new trial.

6. APPEAL AND ERROR—ASSIGNMENT OF ERROR—QUESTIONS REVIEWABLE.

No error having been assigned on trial court's charge relative to deceased married woman's future earnings, claim that jury was permitted to speculate with respect thereto and that there was no competent evidence in support thereof will not be considered by Supreme Court (Court Rule No. 66, § 3 [1933]).

7. DEATH—MARRIED WOMAN'S SEPARATE EARNINGS—EVIDENCE.

In damage action by administrator of estate of deceased married woman, admission of testimony as to disposition of money she had earned was proper for the purpose of establishing a foundation for evidence pertaining to her separate earnings, if any.

8. EVIDENCE—OPINION AS TO AVOIDABILITY OF ACCIDENT.

Fact that court sustained plaintiff's objections to questions asked of defendant motorist involved in head-on collision as to whether or not he could have done anything more to avoid the collision *held*, not error, as such questions called for conclusions of the witness which would invade the province of the jury.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted April 18, 1939. (Docket No. 50, Calendar No. 40,425.) Decided June 22, 1939.

Case by Robert B. Patterson, administrator of the estate of Marie Virginia Patterson, deceased, against Albert B. Jacobs and Theodore S. Caffey for damages for personal injuries causing death of plaintiff's decedent as the result of a head-on collision of automobiles. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*James A. Henderson* (*Ray Derham,* of counsel), for plaintiff.

*Warner & Sullivan,* for defendants.

CHANDLER, J. On February 15, 1938, plaintiff's decedent was driving her automobile south on Ashmun street in the city of Sault Ste. Marie. At a point a short distance north of the intersection of said street with Ninth street, she became involved in a collision with a car owned by defendant Jacobs and operated by defendant Caffey, resulting in injuries which caused her death. This suit for damages ensued. Defendants' motion for a directed verdict was denied, as was a motion for a new trial following verdict for plaintiff.

Ashmun street was shown to be 36 feet in width. Due to the operation of snow plows, banks of snow had accumulated on each side of the street, extending from the curb toward the center thereof for a distance of three feet on each side. On the westerly side of the street, a few feet north of the intersection with Ninth street, a car owned by one Fuller had been parked in such close proximity to the snow bank that it was impossible to open the door on the side of the car adjacent thereto. On the east side of the

street, two cars were parked, one immediately south of the south line of Ninth street, if extended, and the other a few feet farther south. The visibility was good, but the surface of the street was shown to be slippery.

Defendant Caffey approached from the south, driving a Chevrolet automobile, which in turn was towing a second vehicle. As he approached the cars parked on the east side of the street, he turned toward the center of the street to pass. When he had reached a point approximately opposite the car parked immediately south of the south line of Ninth street, he saw deceased's automobile turning toward the center of the street to pass the Fuller car parked on the west side. Deceased was then approximately 75 feet north of the Fuller car, and a distance of some 100 feet north of defendant Caffey, who testified:

"She was at that time possibly 100 feet—maybe not that far—from me. When I saw her coming out, I thought I would turn my car to the right and try to avoid her but on second thought I knew I could not avoid the crash anyway, and decided that it would be better to hit her car head-on than to catch the side of it."

A head-on collision did result, as planned by Mr. Caffey. He stated that he believed that had he attempted to turn to the right, the car he was towing would have struck the Fuller car, and all four automobiles would have thus become involved in the accident.

The record shows that deceased had applied the brakes on the car she was driving, the marks made by the skidding wheels extending north in a straight line from a point two feet east of the Fuller car for a distance of 25 feet.

Witness Fuller described the scene presented after the crash in the following manner:

"When I got to the scene of the accident my car was in the same position I left it. There were three other cars near my car. I saw the Ford car. Its right rear fender was up against my left front fender. The running board of my car and the left front fender was damaged. I saw the cars fastened together. The first car was nose to nose with the Patterson car. The other car was behind it."

Defendants claim that deceased was guilty of contributory negligence as a matter of law, and that they were free from any negligence whatsoever.

As to the claim of contributory negligence, the physical facts reveal that deceased was operating her car on the proper side of the street. The surface of the street, available for traffic, was 30 feet in width if allowance is made for space consumed by the snow banks extending along each side. The average width of a car was shown to be approximately six feet, which would leave a street surface of nine feet in width between the east side of the Fuller car and the center of the pavement. Inasmuch as the skid marks reveal deceased to have been driving within two feet of the Fuller car, it undeniably follows that at the moment the accident occurred, and prior thereto, she was operating her car on her right side of the street, west of the center line. This certainly does not constitute contributory negligence as a matter of law.

Defendants, however, claim that as deceased was driving her car at an estimated speed of 25 miles per hour, she did not have the same under sufficient control to bring it to a stop within the assured clear distance ahead [*] due to the slippery condition of the pavement. It is further claimed that she failed to make observation for approaching vehicles as she

[*] See 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697; Stat. Ann. § 9.1565).—REPORTER.

turned towards the center of the street to pass the Fuller car, inasmuch as she failed to apply her brakes until having traveled a distance of some 50 feet after defendant's car must have been within the range of her vision.

Even if we adopt defendants' contention that she failed to look when she first turned toward the center of the street, she does not thereby become immediately guilty of contributory negligence. If she had looked, she would have seen defendant's car approaching from the south on the wrong side of the street, and would have had the right to assume that defendant Caffey would guide the vehicle to the proper side of the highway. *Essenberg* v. *Achterhof,* 255 Mich. 55; *Triestram* v. *Way,* 286 Mich. 13.

The record shows that deceased did everything that she could to avoid the accident, and that the same was not the result of negligence committed by her in the operation of her car, but was the result of the negligent conduct of defendant Caffey, who failed to guide his car to the proper side of the street when he had the opportunity to do so, but instead elected to continue on the wrong side of the highway and involve deceased in a head-on collision. The motion for a directed verdict was properly denied.

One of the grounds of defendants' motion for a new trial, which was denied, alleged that after the jury had retired to deliberate and before arriving at a verdict, they were permitted to go to their homes for dinner; and, that during this period, a local newspaper was distributed throughout the city containing a news article relative to the suit in question, in which it was stated that a $10,000 damage suit instituted by plaintiff against an insurance company representing defendants was expected to go to the jury that afternoon. There is nothing to show that the verdict was in any way influenced thereby, and, in fact, nothing appears which would indicate

that the members of the jury read the article. Denial of the motion based upon this ground was not error. See *Ballance* v. *Dunnington,* 246 Mich. 36, and cases cited therein.

The motion for a new trial was also based upon the ground that newly-discovered evidence had been obtained. The affidavit of the prospective witness reveals this evidence, as defendant admits, to be merely cumulative. This is not sufficient to permit a new trial. *Gubas* v. *Bucsko,* 219 Mich. 553.

It is claimed that the jury was permitted to speculate as to deceased's future earnings and that there was no competent evidence in support thereof. No error is assigned on the trial court's charge on this point and it will not be considered. Court Rule No. 66, § 3 (1933).

Defendants complain because the court overruled their objections to the following questions and answers:

"*Q.* Was there any arrangement made between you as to the money she made?

"*Mr. Warner:* That is objected to as irrelevant and immaterial.

"*The Court:* You may answer.

"*A.* Yes, sir.

"*Q.* What was it?

"*A.* She had the money she made for her own use and I had mine as long as we were not living together. After we lived together, she was to have her money as savings for her own use."

The questions and answers were proper for the purpose of establishing a foundation for evidence pertaining to deceased's separate earnings, if any.

Error is assigned because the court sustained plaintiff's objections to the following questions asked defendant Caffey:

"*Q.* Was there any possibility of avoiding the collision at the time you first saw her car? * * *

"*Q.* What in your judgment, could you have done at that moment to avoid a collision? * * *

"*Q.* I am asking now for your judgment as an experienced driver, on all kinds of roads with all kinds of cars, and I ask you what else or other you could have done to avoid a collision?"

Although the courts disagree as to the competency of answers called for by questions of the type above quoted (See 66 A. L. R. 1119, annotation II, c), we believe the questions called for conclusions of the witness which would invade the province of the jury.

We find no error, and the judgment is affirmed, with costs to plaintiff.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.