CHASE INVESTMENT COMPANY et al., Appellees, v. MID-WESTERN CASUALTY COMPANY, Appellant.

No. 45988.

AUGUST 11, 1942.

Harold S. Thomas, of Des Moines, for appellant.

Whitfield & Musgrave and Paul Neal, Jr., of Des Moines, for appellees.

STIGER, J.— ██ I. Appellees alleged in their petition that the actual cash value of the truck immediately before the collision was $2,300, and after the collision its cash value was $100. Evidence was introduced to sustain this allegation.

A witness for appellees then testified the truck could be repaired so that it would be in as good condition as it was before the injury and that the reasonable cost of the repairs would be $1,833.57. Appellees amended their petition to conform to this testimony and elected to adopt this measure of damages.

Appellant objected to evidence of value before and after the accident on the ground that such values were not the proper measure of damage within the coverage of the policy.

The policy provided that appellant's liability for damage to the truck would not exceed its actual cash value at the time the damage occurred and that the liability "shall in no event exceed what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality."

This portion of the policy places a limitation on the liability of appellant for damages to the truck but does not purport to

prescribe a method or rule for determining the amount of the damage. The policy does not purport to make the cost of the repairs the sole measure of damages and is not in conflict with the well-established rules for admeasurement of damages for injuries to personal property. See Langham v. Chicago, R. I. & P. R. Co., 201 Iowa 897, 208 N. W. 356; Farmers Merc. Co. v. Farmers Ins. Co., 161 Iowa 5, 141 N. W. 447.

The trial court was right in overruling objections to this evidence.

Appellant also complains that the court failed to specifically instruct the jury that the testimony of the actual value of the truck before and after the accident had been withdrawn from their consideration.

In its statement of the issues to the jury, the court said that appellees claimed damages for repairs to the truck, and instruction No. 6 stated the measure of damages for injury to the truck as follows:

"1. The reasonable value of the cost of the replacement and repair to said truck in putting it in the condition it was just prior to the time of the accident, not exceeding the sum of $1921.27."

The amount of the verdict showed the jury followed this instruction, which was correct in view of the state of the record. Appellant did not move to strike the testimony or request a cautionary instruction. We find no error in this assignment.

II. The collision occurred near Dubois, Pennsylvania, on December 26, 1939, about two o'clock in the afternoon, at which time the temperature was below zero. After the accident, and prior to the time the truck was taken to a garage the next day, the freezing temperature broke the motor block and head, and several articles were taken from the truck. The driver was injured and taken to a hospital.

Appellant claims the court erred in overruling its motion to strike evidence of the value of the motor block and head damaged by freezing of the water therein, and of the missing property, because it was the duty of appellees, under the policy, to protect this property from further damage after the collision

and that appellees' evidence proved the collision was not a proximate cause of this damage.

The policy provided that:

"In the event of any loss or damage whether insured against hereunder or not the insured shall protect the property from other or further loss or damage and any such other or further loss or damage due directly or indirectly to the insured's failure to protect, shall not be recoverable under this policy."

We quote from appellant's argument:

"The defendant was not liable unless the damage to the motor and the loss by theft was proximately caused by the collision without the intervention of a new and independent agency.

"And certainly the freezing of the motor and the theft was caused by a new and independent agency, unless the plaintiff under his burden of proof, connected it as part of the train of events from the collision itself.

"From the record made by the plaintiff's own evidence, there was no direct connection between the collision and the freezing and theft, and affirmatively it appears that there was the independent agency of freezing and the independent agency of a thief that added to the loss."

The driver of the truck testified that he was "bruised, scratched up and dazed" and taken to the hospital immediately after the accident. He was released from the hospital the following day. This witness further testified:

"Somebody took me to the hospital. Within one hour or so, I put in a telephone call to New York. I also called the main office at Fort Dodge. At the time I did this telephoning, I imagine it was around 4 o'clock in the afternoon.

"The Highway Patrol called on me in the hospital. I don't remember whether it was before or after I telephoned. I talked to them at that time. They told me they would take care of the truck and they would see me at their office when I was able to come down."

The owner of the truck, appellee Tommy McAlpine, was located in New York and arrived at Dubois the day after the

accident and removed the truck from the place of the collision to a garage in that town for storage.

We cannot agree with appellant's contention that the freezing of the water in the motor, and the theft, were, under this record, the sole, independent, proximate cause of the further loss and damage. The driver's duty was to exercise due care after the collision to protect the truck from further damage. He was dazed after the accident and taken to a hospital, where members of the patrol told him they would take care of the truck.

The truck remained at the place of the collision until removed by the owner the next day, and the additional damage occurred during this time and while the driver was in the hospital. If the driver had deliberately abandoned the truck, or in the exercise of reasonable care could have avoided the further damage sustained after the collision, then the collision would not be an efficient, proximate cause of the damage. Under the circumstances, the negligence of the driver intervening between the time of the collision and the further damage would be the proximate cause of the further damage. If the driver exercised due care in protecting the property after the collision, the collision would be the efficient cause of the further damage.

Appellees' evidence was sufficient to justify the submission of the question of due care and proximate cause to the jury. The trial court was right in refusing to rule as a matter of law that the collision was not a proximate cause of the further damage and in overruling the motion to strike.

III. Appellant complains of instruction No. 5 which reads:

"Under the terms of this policy, it is provided that in the event of any loss or damages, whether insured against hereunder or not, the insured shall protect the property from other or further loss or damage. You are, therefore instructed that if you have found from the evidence that there was a collision of plaintiffs' truck, then it was the duty of the plaintiffs to use ordinary care after the collision to protect the property from further loss or damage, and a failure on the part of the plaintiffs to use ordinary care to protect said property would preclude the plaintiffs from recovering those damages, if any, which occurred

after the collision by failure to use ordinary care to protect the property.

" 'Ordinary care' is that degree of care which an ordinarily careful and prudent person would exercise under the circumstances."

Appellant's proposition is that (1) there was an absolute duty under the policy to protect the truck from further loss or damage, or (2) the jury should have been told appellees could not recover for the further damage unless it found the driver was rendered unable to perform his duty to protect the truck.

We are of the opinion that this instruction exemplifies a correct construction of the policy.

IV. The policy provided for the payment of all reasonable expenses incurred in preserving the property from further damage after the collision. Appellees claimed damages in the sum of $67 charged for storage of the truck at the garage at Dubois. They did not testify they paid this charge.

The record does not reveal the length of time the truck was stored and there is no evidence from which the jury could determine the reasonable value of the storage charge.

Instruction No. 6 authorized a recovery of the reasonable value of the storage. It is apparent from the verdict that the jury allowed appellees the sum of $67 for storage for an unknown period. The evidence did not warrant the submission of this item of damage to the jury.

If appellees file a remittitur in the sum of $67 within 30 days from the filing of this opinion, the case will stand affirmed; otherwise, the case is reversed.

Appellees' motion to dismiss the appeal is overruled.—Affirmed on condition.

All JUSTICES concur.