LEONARD KOHL, Appellee, v. REUBEN ARP et al., Appellants.

No. 46651.

32

March 6, 1945.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellants.

John D. Randall, of Cedar Rapids, for appellee.

SMITH, J.—Plaintiff's truck, equipped with a lime box· or spreader bolted to its frame, was parked parallel to the curb on a Cedar Rapids street while the driver went over to an eating place. The sound of a crash outside caused him to investigate and he found his truck had been struck by a truck belonging to defendant Arp and driven by defendant Smith. The details of the collision are not material to this appeal since defendants concede that a question was made for the jury on the issue of liability.

The jury returned a verdict for $1,279.24. Answers to interrogatories show $275 of this amount was for cost of replacement of the lime box, $554.24 for repairs to the truck itself, and $450 for loss of use. The evidence showed without contradiction that the lime box, worth $375, was damaged beyond repair and after the accident was worth only $100 as junk. The evidence of the cost of repair of the truck was also undisputed.

Appellants say the errors relied on all relate directly or indirectly to the question of damages, "and for the most part

arise out of appellee being permitted to recover not only the full *replacement* value of the lime box on appellee's truck, the full repairs to appellee's truck, but in addition the value of the loss of use of the *combined unit* of the truck and the lime box.''

I. We think it may be fairly said no question is made on appeal as to the item of $275 for replacement value of the lime box or the item of $554.24 for repairs to the truck. The entire controversy involves the one item of $450 said to be *"for the value of the use of said truck."* Appellants complain that the court permitted the lime box to be treated on the one hand as an item separate from the truck, for the purpose of assessing *replacement* value, and on the other as a part of the *combined* unit, for the purpose of assessing *loss of use value.*

The petition alleged in one paragraph the value of the lime box, $375, and the salvage, $100. The proof was made in that way. In another paragraph appellee alleged that ''he lost the use of said truck * * * thirty-three days, and that the reasonable value of the use of the said truck was thirty dollars per day.'' His proof, however, showed the loss of use of the *combined unit, truck and lime box,* was $30 per day.

Appellants contend that he thereby violated the rules for measure of damages laid down by us in Langham v. Chicago, R. I. & P. Ry. Co., 201 Iowa 897, 901, 208 N. W. 356, 358. These rules are familiar to the profession. They clearly contemplate that where the injury to the vehicle can be repaired so that when repaired it will be in as good condition as it was before the injury, the measure of damages is the reasonable cost of repair ''plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.''

Of course, in the case of total destruction the measure is the reasonable market value of the automobile immediately before its destruction.

And when, though not totally destroyed, it cannot, by repair, be placed in as good condition as it was in before the injury, the measure is the difference between its reasonable market value before and its reasonable market value after the injury. Langham v. Chicago, R. I. & P. Ry. Co., supra, and

cases cited. In the last two instances damages for loss of use are not allowed.

Do these rules require or permit their separate application to separate parts of an injured combined unit such as we have here? Appellants argue that appellee was permitted to recover the full replacement value of the lime box as a separate unit, and in addition, to recover something for loss of use of it in combination with the truck proper. We think this argument is not sound. The truck and box were bolted together and used together. They constituted one truck. It must, we think, be conceded that if the petition had pleaded injury to the truck and lime box *as a single unit* the measure of damage would be the reasonable cost of repairs, including the reasonable cost of new lime box (less salvage), plus the reasonable value of loss of use of the combined unit. The fact that the lime box had to be procured separately instead of being furnished by the repairman who repaired the truck itself could make no difference in the application of the rule. The net cost of the new lime box would still be a part of the cost of repair of the combined unit which constituted the injured vehicle.

It is true the petition is not well drawn to present this theory but we do not deem it fatally defective in that respect. It does, by reasonable construction, show an injury to a combined unit consisting of truck and lime box. To hold otherwise would be unduly technical. The pleading in separate paragraph of the item of cost of replacement of lime box does not change the rule as to measure of damages.

No case is cited by appellants that attempts to apply one part of the rule to a totally destroyed *part* of an injured vehicle that is otherwise repairable. And, in spite of some inartificiality in pleading, we think the rule of damages must be applied here to the combined unit and that the net cost of the new lime box must be treated as a part of the cost of repair. It then logically follows that the value of the loss of use of the truck and lime box as one unit was proper to be considered.

II. Before leaving this proposition we have to consider whether there was any reversible error in the admission of evidence as to the value of the loss of use. Particular objection is

urged that appellee was not shown qualified to testify as to the value per day. It is urged that he admitted he had never rented a truck for his own use and had never leased one of his trucks to anyone else.

But he was the owner of the unit in question. It is quite generally held that the owner of a chattel may testify to its value without qualifying as an expert. 20 Am. Jur., Evidence, section 894. By analogy he should be held competent as a witness on value of use. He testified that he had rented dump trucks to the government and had operated equipment of the kind involved here for three years and knew what it cost and what it brings in.

We think his testimony as to value was admissible and its weight for the jury. See Crain v. Sumida, 59 Cal. App. 590, 211 P. 479, 482.

III. Before proceeding further we have to dispose of some procedural questions. Appellee strenuously urges that the instructions are not a proper part of the record and moves to strike them accordingly.

When appellants filed their typewritten abstract, under Rule 340(a) of our Rules of Civil Procedure, on August 9, 1944, the instructions were not included and there was no statement of points relied on for reversal, as required by Rule 340(b). The abstract did, however, contain appellants' exceptions to instructions, in which were set out the particular exceptions which they now urge on appeal.

After the typewritten abstract was filed appellee proposed amendments thereto pursuant to Rule 340(c), and later an order was entered settling the record. The instructions were, of course, not included. Before the record was printed and filed, however, the district court, by an ex parte order, gave appellants leave to amend it by adding thereto the instructions and requests for instructions.

The printed record (with instructions and requests for instructions included) was filed October 25, 1944, in the district clerk's office, and no attack was made on it by appellee until January 20, 1945. Appellants' brief and argument had then been on file since December 8th. Appellee's motion to strike,

filed with his brief and argument, has been ordered submitted with the case.

On February 1, 1945, appellants filed with the clerk of the district court a typewritten "Amendment to Typewritten Record of Trial Proceedings," setting out the instructions given and requested, and stating that the amendment was made "pursuant to authority granted by court order." No such court order is included in the certification to us.

On February 3, 1945, the clerk of the district court certified to us a copy of appellee's motion to set aside order "made * * * on or about February 1, 1945, wherein the Clerk of the District Court of Linn County, Iowa, was ordered and directed to certify defendants-appellants' amendment to the typewritten abstract to the Supreme Court"; combined with it was appellee's motion to "strike amendment to typewritten record."

We are not sure we have detailed all the various motions and resistances by which the parties marched and countermarched, almost as if determined to avoid following the plain and simple provisions of Rule 341 of our Rules of Civil Procedure. Their procedure is not set out here as a model to be followed generally. However, we are not prepared to say there was not a substantial compliance with Rule 341(a), which provides:

"If anything material to either party is omitted from the Record on appeal by error or accident, or is misstated therein, the parties by stipulation, or the trial court, either before or after the Record is transmitted to the Supreme Court, or the Supreme Court on its own initiative or proper suggestion, may direct the correction thereof; and, if necessary, that further proceedings be had and a supplemental Record be prepared and certified in the trial court; or may require the Clerk of the trial court to certify to the Supreme Court any or all of the evidence or proceedings below."

It seems certain the instructions, given and requested, were omitted by accident from the typewritten abstract and thereafter from the record as first settled by the court. It cannot be reasonably assumed otherwise in view of the fact that the exceptions to instructions were included and would be entirely mean-

ingless without the instructions to which they were directed. Nor can it be doubted the district court had, under the rule quoted, full authority to correct the record. Appellee must have noticed the correction several months before he had to file his own brief and argument and in the meantime he had before him appellants' brief for a considerable part of the time.

Amendment of the record could probably have been accomplished by stipulation, but, in any event, should not have been ordered ex parte. However, we are unable to see how appellee has been prejudiced under the circumstances and are not disposed to hold that the instructions may not be considered on appeal. Appellee's motion to strike from the record the instructions given and asked is denied.

IV.  Appellee also complains because the typewritten abstract contained no statement of points relied on for reversal, as required by Rule 340(b). The ready answer might be that he made no such objection at the time. He knew the whole record was not then set out and that no statement of errors relied on was included. Knowing these things, he participated in the process of settling the record and made no complaint until long after appellants' argument was filed.

But there is another answer. The statement of points relied on is required only when the "abstract does not embrace the whole record." The abstract here did include the whole record except what had been omitted inadvertently and that was added before the record was printed. Appellants' brief was filed December 8th. Appellee was then apprised of the contentions made on appeal.

The requirement of Rule 340(b) is similar in purpose and wording to Federal Rule 75(d), which is held not to be jurisdictional. See Pence v. United States, 7 Cir., Wis., 121 F. 2d 804, affirmed 316 U. S. 332, 62 S. Ct. 1080, 86 L. Ed. 1510.

The purpose of the provision is to enable appellee to know what will be urged on appeal so he may determine whether sufficient of the record is set out. Cook, Iowa Rules Civil Procedure, 747. It is apparent the situation here did not require the "statement of points relied on," since the record, as printed, was complete.

V.  Instruction No. 12, so far as material, is as follows:

"If you find by a preponderance of the evidence, guided by these instructions, that the plaintiff is entitled to recover from the defendants, then the measure of plaintiff's damages, if any, on account of the injury to his property complained of, is such reasonable sum as you find from the evidence will reasonably compensate plaintiff for any sums which he has expended or become obligated for on account of such damage and such loss as he has sustained because of loss of use of his truck, but not exceeding the amounts set out as follows: * * *

"The reasonable value of the use of plaintiff's truck for not exceeding thirty three days, in an amount not exceeding $990.00."

Appellants urge various exceptions thereto, some of which have already been answered by what we have said in Division I. Others demand further attention. They are variously stated by appellant but we summarize them thus: There was no competent evidence as to what length of time was *reasonably* required for the repairs; the jury was nowhere told that recovery for loss of use must be limited to the time the car was being repaired *with reasonable diligence;* and the jury was nowhere told that the allowance for cost of repair and loss of use must not exceed the value of the property before the injury.

We are compelled to hold these exceptions well taken. It is undoubtedly the rule that damage for loss of use can only be allowed for the time the vehicle is being repaired *with reasonable diligence.* Langham v. Chicago, R. I. & P. Ry. Co., supra. The jury should have been so instructed and the evidence should have been of such character as to enable the jury to apply the rule intelligently.

The jurors were told that they were not bound to accept estimates of witnesses respecting values but might take into consideration their own judgment as reasonable men in the light of common knowledge and experience. They were also cautioned that maximum amounts claimed by plaintiff and mentioned in the instructions as maximum amounts that could in any event be allowed did not constitute any indication that any allowance whatever was to be made. These cautionary instructions, how-

ever, do not supply the missing element in Instruction No. 12 which we have referred to.

Nor is there evidence in the record from which the jury could have determined whether all, or what part, of the time appellee was deprived of the use of his truck was necessarily consumed in making proper repairs. Many elements might enter into such determination but we have no evidence as to what they were in this case. The repair bill, which seems to be unchallenged, shows labor charges totaling $164, which, at a wage scale of $2 per hour, would indicate that approximately ten eight-hour days were consumed, but there is nothing to tell us or the jury over what period of time the work was done or could reasonably have been done.

It stands uncontradicted that appellee was deprived of the use of his truck thirty-three days, but that alone is not the test. The repairman testified to delays in procuring parts but indicated that these delays added perhaps only three or four days that might otherwise have been saved by doubling up and putting two or three men on the job. If there was necessary delay in procuring necessary parts, that would be a proper fact to be shown. Lyle v. Seller, 70 Cal. App. 300, 233 P. 345. Undoubtedly, other considerations bearing on the reasonableness of the time consumed would occur to the jury, but there was no evidence upon which a reasonable verdict could be based.

We have already held it was not error to admit the testimony of appellee as to the value of the loss of use of his truck. There is, however, grave question of its sufficiency in the absence of more direct testimony as to rental value. He testified that the value of the loss of use was $30 per day. "That is what the truck was worth to me at that time * * * that wouldn't be my profit." At no time did he indicate that his estimate was of local rental value, exclusive of driver and other expense, nor was there other evidence bearing on rental value or as to whether other similar equipment was locally available.

In Southern R. Co. v. Kentucky Grocery Co., 166 Ky. 94, 96, 178 S. W. 1162, 1163, it is said:

"In this case, the property being an automobile truck, the criterion is the reasonable net rental value upon the market

in Louisville of the truck in question or of other trucks of like capacity and equal performance, the lessee furnishing driver and bearing all such other expenses as the owner himself would have to bear in the operation of his own car.''

See, also, Coleman v. Levkoff, 128 S. C. 487, 122 S. E. 875, 876; 25 C. J. S., Damages, section 83(c).

The errors pointed out affect only the item of $450 allowed for loss of use. It is not the province of this court to retry that issue, nor is there any evidence in the record on which we might suggest any remittitur except of the whole amount as the basis for a conditional affirmance, even though we realize there was substantial damage on that account. If, however, appellee shall, within thirty days, file a remittitur of $450, reducing the judgment to $829.24, the case will stand affirmed, each party to pay his own costs on appeal. Otherwise, it will be reversed. Pugh v. Queal Lbr. Co., 193 Iowa 924, 188 N. W. 1; Rosenstein v. Bernhard & Turner Auto Co., 192 Iowa 405, 180 N. W. 282.—Affirmed on condition.

All JUSTICES concur.